E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorney
Deputy Chief, General Crimes Section
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorney
Deputy Chief, Corporate and Securities
 Fraud Strike Force
KATHRYNNE N. SEIDEN (Cal Bar No. 310902)
Assistant United States Attorney
Deputy Chief, Terrorism and Export Crimes Section
     1200/1100/1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2274/1259/0631
     Facsimile: (213) 894-0141
     E-mail:    benedetto.balding@usdoj.gov
                alexander.schwab@usdoj.gov
                kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-267-MEMF-1 |
|---|---|
| Plaintiff, | 2:22-267-MEMF-2 |
| | 2:22-267-MEMF-3 |
| v. | GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT ELECTRONIC RECORDS PURSUANT THE SELF-AUTHENTICATION PROVISIONS OF FEDERAL RULE OF EVIDENCE 902(13); MEMORANDUM OF POINTS AND AUTHORITIES |
| DEL ENTERTAINMENT, INC., et al., (1) DEL ENTERTAINMENT, INC., (2) JOSE ANGEL DEL VILLAR, (3) LUCA SCALISI, | |
| Defendants. | Hearing Date: 12-17-24<br>Hearing Time: 2:00 p.m.<br>Location:    Courtroom of the Hon. Maame Ewusi-Mensah Frimpong |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Benedetto L.

Balding, Alexander B. Schwab, and Kathrynne N. Seiden, hereby moves the Court in limine to admit into evidence electronic records produced by various service providers referenced below pursuant to the procedures of Federal Rule of Evidence 902(13).

The government produced the electronic records and available corresponding certifications in discovery on September 9, 2022 and to new counsel on January 16, 2024. One or more certifications are outstanding and the government anticipates obtaining and producing such certifications in advance of trial.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and any such further evidence and/or argument the Court may wish to consider at the hearing and in determining this matter.

Dated: November 8, 2024               Respectfully submitted,

                                      E. MARTIN ESTRADA
                                      United States Attorney

                                      MACK E. JENKINS
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                            /s/
                                      BENEDETTO L. BALDING
                                      ALEXANDER B. SCHWAB
                                      KATHRYNNE N. SEIDEN
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendants Del Entertainment, Inc., Jose Angel Del Villar, and Luca Scalisi ("defendants") are scheduled to begin trial on charges stemming from violations of the Foreign Narcotics Kingpin Designation Act (the "Kingpin Act"), 21 U.S.C. 1901 et seq. and 31 C.F.R. 501 and 598, on January 13, 2025.  The government seeks to introduce certain electronic records at trial pursuant to the self-authentication provisions of Federal Rule of Evidence 902(13).  Because these records fall squarely within Rule 902(13), they are admissible based on the certifications, without the need for the government to call custodians of records to authenticate them.[1]

**II.  ARGUMENT**

Rule 902 of the Federal Rules of Evidence provides, in pertinent part:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
> . . . .
>
> (13)  A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule

---

[1] The government engaged in a meet and confer session with counsel for defendant Scalisi on November 6, 2024 and with counsel for defendant Del Villar on November 7, 2024.  The government believes in good faith that counsel for defendant Del Entertainment shares the position of counsel for defendant Del Villar.  Defense counsel indicated they were agreeable in concept to introducing the records contemplated by this motion without the need to call custodians of record to testify and authenticate the records, subject to being provided all certifications in advance of trial.  The government anticipates this motion will likely be resolved based on the parties' discussions.

902(11).

Fed. R. Evid. 902(13).  Rule 902(11), in turn, includes the following certification and notice provisions cited by Rule 902(13):

> (11) The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person . . . .  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).[2]

The government has produced electronic records from the custodians of records (or other qualified persons) of service providers at Google and Apple.  Moreover, the government has produced available declarations from the custodians of records.  The records were produced to prior counsel on September 9, 2022, and to current counsel on January 16, 2024, and the records and available certifications are contained within the Bates ranges USAO_038903-

---

[2] Rule 803(6) of the Federal Rules of Evidence provides, in pertinent part:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> . . . .
> (6) A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . . ; and
> (E) neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

2

038931, USAO_038989-038990, and USAO_039168-040001. Certain certifications are outstanding and the government anticipates obtaining and producing them in advance of trial.

Certification under Rule 902(13) obviates the need for the government to authenticate electronic records at trial and permits the records to be admitted under Federal Rule of Evidence 803(6). See Fed. R. Evid. 902(13). Thus, in order to admit the above-referenced records as exhibits at trial, the government should not need to call the custodians of records for these service providers to testify. These records should be admissible based on the certifications.

The government will continue to confer with defense counsel to determine whether the parties can reach agreement and, in the absence of an agreement, will supplement this submission prior to the hearing date.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant its motion in limine to admit the electronic records referenced above pursuant to Federal Rule of Evidence 902(13).