MARISSA H. GOLDBERG (GABN 672798)
DREW FINDLING (GABN 260425)
ZACHARY KELEHEAR (GABN 925716)
The Findling Law Firm
3575 Piedmont Road, Tower 15, Suite 1010
Atlanta, GA 30305
(404) 460-4500
drew@findlinglawfirm.com
marissa@findlinglawfirm.com
*Counsel for Defendant Jose Angel Del Villar*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-00267-MEMF |
| Plaintiff, | |
| v. | DEFENDANT DEL VILLAR'S OBJECTION TO GOVERNMENT'S OFFER OF PROOF |
| DEL ENTERTAINMENT, INC., *et al.* | |
| Defendants. | |

DEFENDANT DEL VILLAR'S OBJECTION TO GOVERNMENT'S OFFER OF PROOF

Comes now Defendant Del Villar, by and through undersigned counsel, and lodges this objection to the Government's Offer of Proof (ECF 307). The Government's entirely conclusory statements in the Government's offer of proof do not meet the requirements to qualify as an offer of proof. "Normally, counsel must make an offer of proof to show the substance of the proffered evidence and to demonstrate the purpose for which the evidence is introduced." Heyne v. Caruso, 69

F.3d 1475, 1481 (9th Cir 1995) (citing <u>Pau v. Yosemite</u>, 928 F. 2d 880, 887 (9th Cir. 1991). There is no substance to the government's offer of proof – only an offer to restrict the testimony the government seeks to elicit to the time period that this Court has already found would meet the <u>Lozano</u> factors. ECF 282 at 12; <u>United States v. Lozano</u>, 623 F. 3d 1055 (9th Cir. 2010). The Government's filing is essentially an acquiescence to the Court's order – the Court found that, if the alleged money laundering activity occurred between 2013-2018 then it would not be too remote in time under <u>Lozano</u>. Rather than providing any basis for *why* the government believes testimony would be consistent with that time period, the Government simply makes a conclusory statement that it will elicit testimony only within that time period.[1]

Additionally, the Government does not provide any basis for why it believes the testimony would be consistent with the 2013-2018 time period. At the hearing on this motion, the government acknowledged that it did not have a response to the defendant's remoteness in time argument, but "based on good faith" believed it was between 2013 and 2019 based on Del Villar's brother's "employment and work in the company." ECF 316 at 156. The government's subsequently filed offer of proof actually contains less detail and information than the representations made in Court.

---

[1] As was argued in Defendant's opposition brief, ECF 270, there is no evidence in discovery to support the allegation that this money laundering activity ever occurred. There are no reports, memorandum of interview, or other documentation indicating Manual Del Villar has ever been interviewed by law enforcement related to this case. It is therefore entirely unclear how the government was able to make an offer of proof as to Manual Del Villar's anticipated testimony.

The government simply states that this is what the evidence will show because we say this is what it will say. It is insufficient.

The purpose of an offer of proof is to allow the court to make pretrial rulings on admissibility, as is at issue here. Fed. R. Evid. 103, 104. The purported offer of proof here does not provide sufficient basis for the Court to conclude whether the proffered evidence is too remote to meet the Lozano factors because the government has made no indication of the basis of their offer of proof. The government's offer of proof should be stricken and the government ordered to provide a sufficient offer of proof which provides more than conclusory statements.

Date: November 8, 2024.    Respectfully submitted,
*/s/ Drew Findling*
DREW FINDLING
*/s/ Marissa Goldberg*
MARISSA H. GOLDBERG
*/s/ Zachary Kelehear*
ZACHARY KELEHEAR

*Attorneys for Defendant*
*Jose Angel Del Villar*