E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorney
Deputy Chief, General Crimes Section
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorney
Deputy Chief, Corporate & Securities
 Fraud Strike Force
KATHRYNNE N. SEIDEN (Cal Bar No. 310902)
Assistant United States Attorney
Terrorism and Export Crimes Section
  1200/1100/1500 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-2274/1259/0631
  Facsimile: (213) 894-0141
  E-mail: benedetto.balding@usdoj.gov
    alexander.schwab@usdoj.gov
    kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>    v.<br><br>DEL ENTERTAINMENT, INC., et al.,<br>(1) DEL ENTERTAINMENT, INC.,<br>(2) JOSE ANGEL DEL VILLAR,<br>(3) LUCA SCALISI,<br><br>   Defendants. | No. CR 2:22-267-MEMF-1<br>   2:22-267-MEMF-2<br>   2:22-267-MEMF-3<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 1/13/25<br>**PROPOSED TRIAL DATE:** 3/17/25<br><br>Date of Indictment: 6/22/22<br><br>T-Max Date: 1/28/25 (Defendants Del Villar and Scalisi); 2/25/25 (Defendant Del Entertainment, Inc.) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Benedetto L. Balding, Alexander B. Schwab, and Kathrynne N. Seiden, defendant Del Entertainment, Inc. ("defendant Del Entertainment") by and through its counsel of record, Shawn Holley, defendant Jose Angel Del Villar ("defendant Del Villar"), both individually and by and through his counsel of record, Drew Findling, Marissa Goldberg, and Zachary Kelehear, and defendant Luca Scalisi ("defendant Scalisi"), both individually and by and through his counsel of record, Evan Jenness and Humberto Diaz (collectively the "parties"), hereby stipulate as follows:

1. The Indictment in this case was filed on June 22, 2022. Defendants Del Villar and Scalisi first appeared before a judicial officer of the court in which the charges in this case were pending on June 14, 2022. Defendant Del Entertainment first appeared before a judicial officer of the court in which the charges in this case were pending on July 20, 2022. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial for defendants Del Villar and Scalisi commence on or before August 31, 2022, and for defendant Del Entertainment on or before September 28, 2022.[1]

2. On July 15, 2022, the Court set a trial date of August 16, 2022 for defendants Del Villar and Scalisi. On July 20, 2022, the Court set a trial date of September 13, 2022 for defendant Del Entertainment. The Court has previously continued the trial date in this case from August 16, 2022 (defendants Del Villar and Scalisi)

---

[1] Defendant Jesus Perez Alvear has appeared and pleaded guilty.

2

and from September 13, 2022 (defendant Del Entertainment) to October 24, 2023, from October 24, 2023 to January 29, 2024, from January 29, 2024 to October 21, 2024, and from October 21, 2024 to January 13, 2025, and found the interim periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. On December 20, 2023, at a status conference, current defense counsel were permitted to substitute in as counsel on behalf of their respective defendants.

3. Defendants Del Villar and Scalisi are released on bond pending trial. The parties estimate that the trial in this matter will last approximately 4-6 days.

4. By this stipulation, the parties move to continue the trial date to March 17, 2025. The parties also request that the Court set the final pretrial conference date and motions in limine hearing date (as described more fully below) for February 20, 2025, at 2:00 p.m. This is the fifth request for a continuance.

5. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendants are charged in this matter with violations of 21 U.S.C. §§ 1906(a), 1904(c)(2) (conspiracy to transact in property of specially designated narcotics traffickers) and 21 U.S.C. §§ 1904(b)(1), (c)(1), 1906(a) (transactions in property of specially designated narcotics traffickers). The government has produced voluminous discovery to counsel, including hundreds of thousands of pages including written reports, foreign bank documents, audio/video recordings including Spanish-language recordings, and multiple wiretaps.

3

        b.   Due to the nature of the prosecution, the existence of novel questions of fact or law, including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

        c.   On or around December 20, 2023, defendants' current counsel (other than Mr. Diaz) substituted in as counsel of record. On October 16, 2024, Mr. Diaz was added as counsel of record for Mr. Scalisi. Defense counsel are presently scheduled to be in various trials, as reflected in the attached Appendix A. Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

        d.   In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        e.   On June 12 and 13, 2024, defendants collectively filed a total of 14 motions seeking various forms of relief. The Court has ruled on almost all of those motions, but defendant Del Villar's Motion to Dismiss remains pending before the Court. That motion included a two-day evidentiary hearing and post-hearing briefing, and was submitted to the Court on November 7, 2024. In addition, on

4

November 1, 2024, defendant Del Entertainment filed a motion to suppress evidence, which has not been fully briefed and remains pending. The parties agree that disposition of these motions sufficiently in advance of trial to permit meaningful post-disposition discussion and to meaningfully and efficiently prepare this case for trial in light of the Court's rulings warrants a brief approximately two-month continuance of the trial date.

      f.   Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

      g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6.   For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of January 13, 2025 to March 17, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants request, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is

unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. In addition, the parties agree that the time period of June 13, 2024 to the date of the resolution of defendant Del Villar's motion to dismiss, as well as the time period from June 12, 2024 (or June 13, 2024 as to motions filed on that date) to the date of the resolution of the motions, and the time period of November 1, 2024 to the date of the resolution of defendant Del Entertainment's motion to suppress, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

//
//

9. The parties also stipulate to the following dates in accordance with the court's order set forth in Docket No. 224, 254, 373, and any other orders setting forth due dates for various filings, which supplement the dates in those orders:

    a. Deadline to file oppositions to pending motions <u>in limine</u> and deadline for defendant Del Entertainment to file its Reply in support of its Motion to Suppress Evidence: December 6, 2024.

    b. Pretrial Conference and hearing date for pending motions <u>in limine</u>: February 20, 2025, at 2:00 p.m.

IT IS SO STIPULATED.

Dated: November 26, 2024       Respectfully submitted,

                                     E. MARTIN ESTRADA
                                     United States Attorney

                                     MACK E. JENKINS
                                     Assistant United States Attorney
                                     Chief, Criminal Division

                                         /s/
                                   BENEDETTO L. BALDING
                                   ALEXANDER B. SCHWAB
                                   KATHRYNNE N. SEIDEN
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

In accordance with L.R. 5-4.3.4, the filer attests that all signatories listed and on whose behalf this filing is authorized concur in this filing's content and have authorized this filing.

**DECLARATION OF SHAWN HOLLEY**

I am an attorney for defendant Del Entertainment, Inc. I am also authorized to act as the designee for defendant Del Entertainment, Inc. in the course of this litigation. I, on behalf of Del Entertainment, Inc., voluntarily agree to the continuance of the trial date on Del Entertainment, Inc.'s behalf and give up its right to be brought to trial earlier than March 17, 2025. I understand that Del Entertainment, Inc. will be ordered to appear for trial in Courtroom 1 of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on March 17, 2025, at 8:30 a.m.

| */s/ [email auth.]* | 11/25/24 |
|---|---|
| SHAWN HOLLEY<br>Attorney for Defendant<br>DEL ENTERTAINMENT, INC. | Date |

8

1  I am Defendant Jose Angel Del Villar's attorney. I have
2  carefully discussed every part of this stipulation and the
3  continuance of the trial date with my client. I have fully informed
4  my client of his Speedy Trial rights. To my knowledge, my client
5  understands those rights and agrees to waive them. I believe that my
6  client's decision to give up the right to be brought to trial earlier
7  than March 17, 2025 is informed and voluntary.

8  _____     __11-25-24_____
9  DREW FINDLING                         Date
   MARISSA GOLDBERG
10 ZACHARY KELEHEAR
   Attorneys for Defendant
11 JOSE ANGEL DEL VILLAR

12

13  I have read this stipulation and have carefully discussed it
14 with my attorney. I understand my Speedy Trial rights. I
15 voluntarily agree to the continuance of the trial date, and give up
16 my right to be brought to trial earlier than March 17, 2025. I
17 understand that I will be ordered to appear in Courtroom 1 of the
18 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
19 March 17, 2025 at 8:30 a.m.

20 _____     __11-25-24_____
21 JOSE ANGEL DEL VILLAR                 Date
   Defendant

9

1    I am Defendant Luca Scalisi's attorney.  I have carefully
2 discussed every part of this stipulation and the continuance of the
3 trial date with my client. I have fully informed my client of his
4 Speedy Trial rights.  To my knowledge, my client understands those
5 rights and agrees to waive them.  I believe that my client's decision
6 to give up the right to be brought to trial earlier than March 17,
7 2025 is informed and voluntary.

   */s/ [email auth.]*                            11/25/24
   ―――――――――――――――――――――――――――――        ―――――――――――――――――――
   EVAN JENNESS                         Date
   HUMBERTO DIAZ
   Attorneys for Defendant
   LUCA SCALISI

    I have read this stipulation and have carefully discussed it
with my attorney.  I understand my Speedy Trial rights.  I
voluntarily agree to the continuance of the trial date, and give up
my right to be brought to trial earlier than March 17, 2025.  I
understand that I will be ordered to appear in Courtroom 1 of the
Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
March 17, 2025 at 8:30 a.m.


   ―――――――――――――――――――――――――――――        ―――――――――――――――――――
   LUCA SCALISI                         Date
   Defendant

1    I am Defendant Luca Scalisi's attorney.  I have carefully
2 discussed every part of this stipulation and the continuance of the
3 trial date with my client. I have fully informed my client of his
4 Speedy Trial rights.  To my knowledge, my client understands those
5 rights and agrees to waive them.  I believe that my client's decision
6 to give up the right to be brought to trial earlier than March 17,
7 2025 is informed and voluntary.

8

9 _____        _____
  EVAN JENNESS                          Date
  HUMBERTO DIAZ
10 Attorneys for Defendant
  LUCA SCALISI
11

12   I have read this stipulation and have carefully discussed it
13 with my attorney.  I understand my Speedy Trial rights.  I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than March 17, 2025.  I
16 understand that I will be ordered to appear in Courtroom 1 of the
17 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
18 March 17, 2025 at 8:30 a.m.

19 _____        _____11/22/24_____
20 LUCA SCALISI                          Date
   Defendant
21

**APPENDIX A: LIST OF ATTORNEY OBLIGATIONS**

Counsel for defendant Jose Angel Del Villar represents that they are scheduled for trial in *U.S. v Tyquan Watson* (24-cr-00003) in the Northern District of Florida on February 11, 2025, currently estimated to last 5 days.

Counsel for defendant Luca Scalisi, Evan Jenness, represents that she has a trial in which she anticipates the parties will be seeking a continuance, U.S. v. Weaver et al., 19-cr-527-ODW, currently scheduled for March 18, 2025.

Counsel for defendant Luca Scalisi, Humberto Diaz, represents that he has the following scheduled trials between now and March 17, 2025:

- 12/03/2024:  U.S. v. Mouton, Cr-23-0542-RGK-3
- 01/28/2025:  U.S. v. Barragan, CR-24-0008-AB-7
- 02/04/2025:  U.S. v. Torres-Miranda; CR 23-0545-AB-8

Counsel for defendant Del Entertainment, Inc., Shawn Holley, represents that she has a trial currently scheduled for January 8, 2025 that she had anticipated would be continued, and a trial scheduled to start on February 3, 2025, likely to last 10 days.