UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>DEL ENTERTAINMENT, INC., et al.,<br>(1)   DEL ENTERTAINMENT, INC.,<br>(2)   JOSE ANGEL DEL VILLAR,<br>(3)   LUCA SCALISI,<br><br>           Defendants. | No. CR 2:22-267-MEMF-1<br>         2:22-267-MEMF-2<br>         2:22-267-MEMF-3<br><br><u>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**TRIAL DATE: 3/17/25**<br><br>FINAL PRETRIAL CONFERENCE DATE: 2/20/25 |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on November 26, 2024.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

   The Court further finds that:  (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance

would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the existence of novel questions of fact or law, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from January 13, 2025, to March 17, 2025 at 8:30 a.m. The final pretrial conference is continued to February 27, 2025, at 2:00 p.m.

2. The time period of January 13, 2025, to March 17, 2025, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (B)(iv).

3. The hearing scheduled for December 17, 2024, at 2:00 pm, which was to be a final pretrial conference, shall remain on calendar. The Court will hear argument as to the pending motions in limine and motion to suppress at this hearing, but will hold the final pretrial conference at a later date as described above. The briefing schedule for pending motions shall remain unchanged unless otherwise ordered.

4. Defendants shall appear in Courtroom 1 of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on March 17, 2025, at 8:30 a.m., for trial, on February 20, 2025, at 2:00 p.m.,

for a final pretrial conference, and on December 17, 2024, at 2:00 p.m., for a hearing on pending motions.

5. Notwithstanding the deadlines the Court's Criminal Standing Order, the government shall file and email to Chambers the following pretrial documents no later than Thursday February 20, 2024:

    a. Trial memorandum;
    b. Witness list;
    c. Exhibit list;
    d. Case-specific glossary for the Court Reporter;
    e. Joint jury instructions in the form described below;
    f. Joint proposed verdict form; and
    g. Proposed voir dire questions, if any.

6. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

December 2, 2024
DATE

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE