1  John D. Cline (State Bar No. 237759)
   cline@johndclinelaw.com
2  LAW OFFICE OF JOHN D. CLINE
   600 Stewart Street, Suite 400
3  Seattle, WA  98101
   Telephone:  (360) 320-6435
4
5  Christy O'Connor (State Bar No. 250350)
   christy@christyoconnorlaw.com
6  THE LAW OFFICE OF CHRISTY O'CONNOR
   360 East 2nd Street, Suite 800
7  Los Angeles, California 90012
   Telephone: (323) 716-5959
8  Attorneys for Defendant
   JOSE ANGEL DEL VILLAR
9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,          Case No. 22-cr-00267-MEMF

14              Plaintiff,

15         v.                          **DEFENDANT JOSE ANGEL
                                        DEL VILLAR'S NOTICE OF
16  DEL ENTERTAINMENT, INC. and         MOTION AND MOTION FOR
                                        RELEASE PENDING APPEAL**
17  JOSE ANGEL DEL VILLAR,
                                        Date:  TBD
18              Defendants.
                                        Time: TBD
19
                                        Courtroom:  8B
20

21

22                        **NOTICE OF MOTION**

23        Please take notice that on a date and time as may be convenient for the Court,

24  defendant Jose Angel Del Villar, through undersigned counsel, will move the Court

25  under 18 U.S.C. § 3143 for an Order permitting him to remain on his current

26  conditions of release pending his appeal to the United States Court of Appeals for the

27

28
                                        **MOTION OF DEFENDANT
                                        JOSE ANGEL DEL VILLARSALMAN
                                        FOR RELEASE PENDING APPEAL**

Ninth Circuit. The grounds for this motion are set forth in the accompanying memorandum in support.

The United States, through Assistant United States Attorney Alexander Schwab, states that it opposes this motion.


Dated: October 15, 2025                    Respectfully submitted,

                                           LAW OFFICE OF JOHN D. CLINE


                                           By:_____/s/_____
                                                  John D. Cline

                                           Attorney for Defendant
                                           JOSE ANGEL DEL VILLAR


**MOTION OF DEFENDANT**
**JOSE ANGEL DEL VILLAR FOR**
**RELEASE PENDING APPEAL**

**MEMORANDUM IN SUPPORT**

Defendant Jose Angel Del Villar moves the Court under 18 U.S.C. § 3143 for an Order permitting him to remain on his current conditions of release pending appeal.[1] Del Villar has demonstrated since this case began that he is not a flight risk. He poses no danger to the community.  And he intends to present substantial questions on appeal that, if resolved in his favor, are likely to result in reversal or a new trial on all counts.  Those issues include, for example, whether relief should have been granted where a government informant participated for years in privileged communications concerning defense strategy; whether the Court erred in admitting as a co-conspirator statement GX 19, a recording of Luca Scalisi on June 13, 2019, after the alleged conspiracy had ended; and whether the government presented sufficient evidence that the transactions charged in the indictment involved "property" or "property interests" of the designated person, Jesus Perez Alvear.

We address one such issue in detail below:  whether the Court erred in giving a deliberate ignorance instruction over Del Villar's objection, where the government relied on an actual knowledge theory and there was no evidence from which a jury could conclude beyond a reasonable doubt that Del Villar took deliberate action to avoid learning the relevant facts.

**ARGUMENT**

**I.    THE STANDARD FOR RELEASE PENDING APPEAL.**

A district court must release a defendant pending appeal if it makes four findings:  (1) "the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released," (2) "the appeal is not for purpose of delay," (3) "the appeal raises a substantial question of law or fact," and (4) "if that

---

[1] At sentencing, the Court ordered Del Villar to self-surrender on December 1, 2025.  We will shortly file a motion asking that, if the Court denies this motion, it extend the surrender date to permit Del Villar to keep certain medical appointments.

**MOTION OF DEFENDANT
JOSE ANGEL DEL VILLARSALMAN
FOR RELEASE PENDING APPEAL**

substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (quotation omitted); *see* 18 U.S.C. § 3143(b)(1).

The first two *Handy* factors should not be in dispute. As the Court necessarily found in releasing Del Villar pending sentencing and again in permitting self-surrender, he is not likely to flee, and he does not pose a danger to the community. *See* 18 U.S.C. § 3143(a)(1). This finding was entirely justified. Del Villar made every pretrial, trial, and post-trial appearance and, if permitted to remain on his current conditions pending appeal, he will continue to reside and work in the Los Angeles area. Nor is Del Villar's appeal for purpose of delay. He has proceeded as expeditiously as possible, has retained appellate counsel and obtained or ordered all necessary transcripts,[2] and has received a briefing schedule from the court of appeals. In addition, he has paid in full the $2 million fine the Court imposed.

Del Villar similarly satisfies the fourth *Handy* factor. The deliberate ignorance instruction, if found to be error, will produce a new trial on all counts of conviction. 761 F.2d at 1283-84 (reversing denial of motion for bail pending appeal, in part because "it is clear that if the substantial question is determined favorably to [him] on appeal, that decision will likely result in an order for a new trial"). Each count required proof that Del Villar knew that the transactions at issue involved Perez's "property" or "interests in property." Thus the deliberate ignorance instruction, if found to be erroneous, will affect all counts of conviction.

The third *Handy* factor--whether Del Villar's appeal presents "a substantial question of law or fact"--is the key to the bail decision. According to the Ninth

---

[2] The defense needs the Court's leave to order two sealed transcripts. On October 2, Del Villar filed an unopposed ex parte application seeking such leave. Doc. 625. If the Court grants the application, Del Villar will order the transcripts promptly.

MOTION OF DEFENDANT
JOSE ANGEL DEL VILLAR FOR
RELEASE PENDING APPEAL

Circuit, "a substantial question is one that is fairly debatable," or "one of more substance than would be necessary to a finding that it was not frivolous." *Id.* at 1283 (quotations omitted); *see, e.g., United States v. Garcia*, 340 F.3d 1013, 1020 n.5 (9th Cir. 2003); *United States v. Montoya*, 908 F.2d 450, 450 (9th Cir. 1990). The "substantial question" standard "does not require the district court to find that it committed reversible error." *United States v. Pollard*, 778 F.2d 1177, 1181-82 (6th Cir. 1985); *see, e.g., Handy*, 761 F.2d at 1281 (same). As the Eleventh Circuit explained, "We . . . are unwilling to attribute to Congress the intention to deny bail pending appeal unless a district court judge found that he or she had committed error but was obstinately unwilling to grant a new trial or other relief to correct the error." *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985).

## II.    THE DELIBERATE IGNORANCE INSTRUCTION PRESENTS, AT A MINIMUM, A "FAIRLY DEBATABLE" QUESTION ON APPEAL.

Whether the Court erred in giving the deliberate ignorance instruction is--at a minimum--"fairly debatable." As we will argue on appeal, the evidence does not support a finding beyond a reasonable doubt that Del Villar took deliberate actions to avoid learning that the transactions alleged in the indictment involved Perez's property or property interests.[3]

The government tried this case on an "actual knowledge" theory. *E.g.*, Trial Transcript ("TT") V.6 at 137 ("Obviously, our theory of the case is that the Defendant did, in fact, know."). Consistent with this theory, the government attempted to show that Del Villar knew that certain payments into the Del Melodia account at Banco Santander in Mexico involved Perez's property or property interests. But it presented

---

[3] We assume, solely for purposes of this motion, that the evidence permitted the jury to find beyond a reasonable doubt that Del Villar was aware of a high probability that the transactions involved Perez's property or property interests.

MOTION OF DEFENDANT
JOSE ANGEL DEL VILLAR FOR
RELEASE PENDING APPEAL

no evidence--and certainly not evidence beyond a reasonable doubt--that Del Villar deliberately avoided learning that alleged fact.

Nonetheless, the government requested a deliberate ignorance instruction, Doc. 479 at 64, and--over objection by Del Villar's counsel, *e.g.*, TT V.5 at 19-20; TT V.6 at 133-39--the Court gave the instruction, TT V.6 at 168; Doc. 534 at 36. The government then relied on the instruction in closing argument. TT V.7 at 28-29. We will contend on appeal that the instruction was error requiring reversal.

In *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011), the Supreme Court defined the elements of deliberate ignorance (which it termed willful blindness) as follows: "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take *deliberate actions* to avoid learning of that fact." *Id.* at 769 (emphasis added); *see, e.g., United States v. Yi*, 704 F.3d 800, 804-05 (9th Cir. 2013) (applying *Global-Tech* standard).

The *Global-Tech* Court focused on the second prong of its standard--the requirement that the defendant take "deliberate actions" to avoid learning the key fact. It declared: "We think these requirements give willful blindness an appropriately limited scope that surpasses recklessness and negligence. Under this formulation, a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." 563 U.S. at 769; *see, e.g., United States v. Ramos-Atondo*, 732 F.3d 1113, 1119 (9th Cir. 2013) ("A deliberate action is one that is intentional; premeditated; fully considered.") (quotation omitted); *United States v. L.E. Myers Co.*, 562 F.3d 845, 854 (7th Cir. 2009) ("Failing to display curiosity is not enough; the defendant must affirmatively *act* to avoid learning the truth.") (quotation omitted; emphasis in original). As the Fifth Circuit cautioned, "Prosecutors and district courts should carefully scrutinize the facts before deciding they warrant the [deliberate ignorance] instruction. The key is whether there is

evidence showing the defendant took proactive steps to ensure his ignorance.  The deliberate ignorance instruction cannot be a backup or supplement when the case genuinely hinges on a defendant's actual knowledge."  *United States v. Lee*, 966 F.3d 310, 326 (5th Cir.  2020) (citation and quotations omitted).

The *Global-Tech* Court faulted the Federal Circuit for requiring only "deliberate indifference":  "[I]n demanding only 'deliberate indifference' to that risk [that the disputed fact existed], the Federal Circuit's test does not require *active efforts* by an inducer to avoid knowing [the fact]."  *Global-Tech*, 563 U.S. at 770 (emphasis added).  The Supreme Court found the evidence sufficient to support a finding of deliberate ignorance, but only because the jury could have inferred that the defendant "took *deliberate steps* to avoid knowing [the disputed] fact."  *Id*. at 771 (emphasis added).

Here, the government pointed to no evidence--and the record contains none-- from which a jury could conclude beyond a reasonable doubt that Del Villar took "deliberate actions" or made "active efforts" to avoid learning that the transactions on which the government focused at trial involved Perez's "property" or "property interests."  When given a chance at the instruction conference to address the "deliberate action" prong of the deliberate ignorance standard, the government merely asserted that the evidence was sufficient because Del Villar "was aware of a high likelihood that Chucho Perez was financially interested in these concerts and continued to do business with him nevertheless."  TT V.6 at 136.  But "continu[ing] to do business" with Perez does not equate to deliberate action or active efforts to avoid learning that the transactions at issue involved Perez's property or interests in property.

Defense counsel seized on this point in response to the government's argument:  "If the Government can point to any specific piece of evidence to indicate that there was--that any rational juror could find that the Defendant deliberately avoided

**MOTION OF DEFENDANT JOSE ANGEL DEL VILLAR FOR RELEASE PENDING APPEAL**

learning the truth, I would withdraw my objection.  I just cannot over the course of the evidence presented think of a single piece of evidence that goes to deliberate-- that goes to deliberate ignorance rather than actual knowledge."  TT V.6 at 136-37. The Court gave the government another opportunity to identify evidence supporting the "deliberate action" requirement.  But the government merely repeated what it had said before:  "[T]he instruction says he was aware of a high probability that Chucho Perez was financially involved in these particular concerts and continued to transact in these concerts anyway."  TT V.6 at 137.  Thus, the government, given a second chance, again failed to identify evidence that Del Villar took "deliberate action" to avoid learning that the transactions at issue in the indictment involved Perez's property or property interests.

Courts of appeals have rejected deliberate ignorance instructions and reversed convictions where, as here, there is insufficient evidence from which a jury could conclude beyond a reasonable doubt that the defendant took deliberate action to avoid learning the fact at issue.  *See, e.g., United States v. Ciesiolka*, 614 F.3d 347, 353-54 (7th Cir. 2010); *L.E. Myers Co.*, 562 F.3d at 854; *United States v. Mapelli*, 971 F.2d 284, 285-87 (9th Cir. 1992); *United States v. Ojebode*, 957 F.2d 1218, 1228-29 (5th Cir. 1992).  It is at least "fairly debatable" whether the same result will obtain here.

The government cannot establish that the erroneous instruction was harmless. The instruction "went to the heart and most hotly contested aspect of the case," *L.E. Myers*, 562 F.3d at 855 (deliberate ignorance instruction not harmless):  whether Del Villar had the requisite knowledge for conviction.  As in *Mapelli*, 971 F.2d at 287, the government called the jury's attention to the instruction in closing, TT V.7 at 28- 29.  Nor is this a case such as *Lee* where the court of appeals could find that overwhelming evidence of actual knowledge renders the improper deliberate ignorance instruction harmless.  *See, e.g., Ciesiolka*, 614 F.3d at 355 (deliberate ignorance instruction not harmless); *United States v. Kaiser*, 609 F.3d 556, 567 (2d

MOTION OF DEFENDANT
JOSE ANGEL DEL VILLAR FOR
RELEASE PENDING APPEAL

Cir. 2010) (same).  We will argue on appeal that the government failed to prove that the transactions at issue in fact involved Perez's property or property interests.  The evidence that Del Villar *knew* this alleged "fact" is even weaker.  The question of harmlessness is--at a minimum--"fairly debatable."

## CONCLUSION

Del Villar satisfies each of the four *Handy* requirements for release pending appeal under 18 U.S.C. § 3143.  The Court should permit him to remain on his current conditions of release pending appeal.

Dated:  October 15, 2025

Respectfully submitted,

LAW OFFICE OF JOHN D. CLINE


By:_____/s/_____
        John D. Cline

Attorney for Defendant
JOSE ANGEL DEL VILLAR

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of October, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/  John D. Cline
John D. Cline
Attorney for Jose Angel Del Villar

- 8 -

MOTION OF DEFENDANT
JOSE ANGEL DEL VILLAR FOR
RELEASE PENDING APPEAL