1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11    UNITED STATES,                          Case No.:  2:22-cr-00267-MEMF

12                          Plaintiff,        **ORDER GRANTING DEFENDANT JOSE ANGEL DEL VILLAR'S MOTION FOR RELEASE PENDING APPEAL [DKT. NO. 626]**

13              v.

14

15    JOSE ANGEL DEL VILLAR,

16                          Defendant.

17

18

19

20          Before the Court is a Motion for Release Pending Appeal filed by Defendant Jose Angel Del

21    Villar. Dkt. No. 626. The Court finds this matter appropriate for resolution without oral argument

22    and hereby VACATES the hearing set for November 19, 2025.

23          **I.      Procedural Background**

24          On March 27, 2025, Del Villar was convicted by jury trial on counts one, three, four, six,

25    eight, nine, ten, eleven, twelve, thirteen, and fourteen of the operative indictment. Dkt. Nos. 543-44.

26    On August 15, 2025, the Court issued a judgment whereby Del Villar was committed to the custody

27    of the Bureau of Prisons for a term of forty-eight months on each of the convicted counts and was to

28

1  be served concurrently. Dkt. No. 607.  It was further ordered that Del Villar surrender himself to the

2  institution designated by the Bureau of Prisons at or before noon on December 1, 2025. *Id.*

3      On August 22, 2025, Del Villar filed an appeal with the Ninth Circuit. Dkt. No 609.

4      On October 15, 2025, Del Villar filed the instant Motion. Dkt. No. 626. Plaintiff filed an

5  Opposition to the Motion on October 29, 2025. Dkt. No. 631 ("Opp."). Del Villar filed a Reply on

6  October 31, 2025. Dkt. No. 634 ("Reply").

7      **II.    <u>Applicable Law</u>**

8      Persons convicted of crimes and sentenced to a term of imprisonment are eligible for release

9  pending appeal if they show the following:

10     (A) by clear and convincing evidence that the person is not likely to flee or pose a
    danger to the safety of any other person or the community if released under section

11     3142(b) or (c) of this title; and
    (B) that the appeal is not for the purpose of delay and raises a substantial question of

12     law or fact likely to result in--

13         (i) reversal,
        (ii) an order for a new trial,

14         (iii) a sentence that does not include a term of imprisonment, or
        (iv) a reduced sentence to a term of imprisonment less than the total of the

15         time already served plus the expected duration of the appeal process.

16  18 U.S.C. § 3143(b)(1).

17     In *United States v. Handy*, 761 F.2d 1279 (9th Cir. 1985), the Ninth Circuit adopted the Third

18  and Eleventh Circuits' interpretation of 18 U.S.C. § 3143(b)(1). First, the Ninth Circuit noted that a

19  "substantial question" for the purposes of bail pending appeal is one that is "fairly debatable" or

20  "fairly doubtful." *Id.* at 1283. In other words, a "substantial question is one of more substance than

21  would be necessary to a finding that it was not frivolous." *Id.* (internal quotation marks omitted). A

22  question may be fairly debatable "even though the judge or justice hearing the application for bail

23  would affirm on the merits of the appeal. The question may be new or novel[,] [i]t may present

24  unique facts not plainly covered by the controlling precedents . . . [or] involve important questions

25  concerning the scope and meaning of decisions of the Supreme Court." *Id.* at 1281.

26     Second, the Ninth Circuit also agreed that the qualifier "likely to result in reversal or an order

27  for a new trial" defines the *type of question* that must be presented. *Id.* at 1280. That is, a defendant

28  need not show that "appeal will probably result in reversal or an order for a new trial." *Id.* Indeed,

any other reading of the statute would be "tantamount to requiring the district court to certify that it believes its ruling to be erroneous." *Id.* at 1281.

### III.    Discussion

To succeed on his Motion, Del Villar need only show that his appeal raises a fairly debatable question that is of the type that could result in one of the situations listed in § 3143(b)(1)(B)(i)–(ii). In his motion, Del Villar focuses on whether the deliberate ignorance instruction should have been given. Having considered the briefing in this matter, the Court finds that—although the Court does not see any error in its trial rulings or in its jury instructions—that at least the question of the deliberate ignorance instruction is a "fairly debatable" one given the state of the law on deliberate ignorance, the unique statute at issue, and the nature of the evidence presented at trial.

### IV.    Conclusion

For the reasons stated herein, the Court ORDERS as follows:

1.  Defendant Jose Angel Del Villar's Motion for Release Pending Appeal is GRANTED.

2.  Defendant Jose Angel Del Villar shall remain out on bond on the same terms and conditions.

3.  The parties shall file a joint report as to the status of the appeal every ninety (90) days, starting from the date of this Order. The parties are also directed to jointly file within seven (7) days of the resolution of this appeal, a joint status report regarding further proceedings, including a timeline for further proceedings as appropriate.


IT IS SO ORDERED.

Dated: November 13, 2025

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

3